UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | | |
|---|---|---|
| NICHOLAS REEDER, Individually and on Behalf of the Class, | * * * | CIVIL ACTION NO. |
| | * | |
| Plaintiff, | * * | **CLASS ACTION** |
| v. | * * | **JURY TRIAL DEMANDED** |
| FLOOR AND DECOR OUTLETS OF AMERICA, INC. | * * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION COMPLAINT FOR DAMAGES,
## STATUTORY PENALTIES, AND INJUNCTIVE RELIEF

The Complaint of Plaintiff, NICHOLAS REEDER, domiciled in the County of Lee in the

State of Florida, on behalf of all others similarly situated, respectfully represents the following:

## NATURE OF THE CASE

1.     Defendant, FLOOR AND DECOR OUTLETS OF AMERICA, INC., has violated

the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA") with its marketing and

advertising campaigns by placing phone calls and transmitting text message advertisements to

cellular telephones (or to telephone numbers assigned to a service for which the called party is

charged for the call) using an automatic telephone dialing system and equipment which has the

capacity to store or produce telephone numbers to be called, using a random or sequential number

generator, and to dial such numbers.  In particular, Floor & Decor advertised its store, products

and services by placing thousands of phone calls and text messages since October 16, 2013, using

1

automatic telephone dialing equipment to cellular phone subscribers without their prior express written consent. The placing of phone calls to cellular phone lines with automatic telephone dialing equipment without the recipient's written consent violates 47 U.S.C. § 227(b)(1)(A).

2.      This suit is brought on behalf of all recipients of telephone calls and text messages sent or placed by or on behalf of Floor & Decor to the recipient's cellular telephones using an automatic telephone dialing system since October 16, 2013.

3.      Plaintiff, on behalf of himself and a class of similarly situated persons or legal entities, brings this suit under the TCPA for injunctive relief and an award of compensatory and statutory damages, together with costs, reasonable attorneys' fees, and pre-judgment interest.

## JURISDICTION AND VENUE

4.      This Honorable Court is vested with jurisdiction over this action under the TCPA. The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3).

5.      In addition, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

## DESCRIPTION OF THE PARTIES

6.      Plaintiff, NICHOLAS REEDER, is an individual, over the age of 18, domiciled in the County of Lee and State of Florida. Plaintiff received multiple text message advertisements from Floor & Decor on his cellular telephone since October 16, 2013 without giving his prior

2

express written consent.  The most recent text message advertisement was received on October 1, 2015 at 4:49 PM EST.  He received at least 9 other text message advertisements from Floor & Decor on that same day.

7.     Defendant, FLOOR AND DECOR OUTLETS OF AMERICA, INC. ("Floor & Decor"), is a foreign corporation headquartered in Georgia with its principal place of business located at 2233 Lake Park Drive, Suite 400, Smyrna, Georgia 30080.  Floor & Decor transacts business in the State of Florida and owns and operates a store in this District at 3853 Cleveland Avenue, Fort Myers, Florida 33901.

**FACTUAL ALLEGATIONS**

**General Overview of the TCPA**

8.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.     The TCPA regulates, among other things, the use of automated telephone dialing systems, or "autodialers".  The plain language of section 227(a)(1) defines an autodialer as "equipment which has the capacity: (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  Further, the plain language of sections 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless phone number in the absence of an emergency or the prior express consent of the called party.

10.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, these calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or

3

after the minutes are used.

11.    Equipment that has the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," is sufficient to satisfy the statutory definition of an automatic telephone dialing system ("ATDS"), even if that capacity is not used. To require actual use of the equipment's capacity to store or produce numbers using a random or sequential generator would render the phrase "which has the capacity" mere surplusage. Congress included a definition that provides that the equipment need only have *the capacity* to store or produce numbers.   Therefore, the plain text of the statute requires only the "capacity" for such random or sequential generation.   Accordingly, a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it to meet the definitions of ATDS.

12.    Thus, telephone calls made to wireless phone numbers placed using equipment with the capacity to meet the definition of an ATDS are expressly prohibited in the absence of the prior express consent of the subscriber.

13.    Besides automated phone calls, another type of bulk marketing enlisting this technology are Short Message Services ("SMS").   The TCPA and the related regulations extend to apply to SMS advertisements sent to cellular telephones.

14.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Floor & Decor to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## Transmitting and Receipt of the Calls (Texts)

15.    At all relevant times, Plaintiff was an individual residing in the State of Florida.

4

Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(32).

16.     Floor & Decor transmitted, or caused to be transmitted, thousands of unsolicited text messages through the use of Short Message Services.   The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters.

17.     An "SMS message" is a text message call directed to a wireless device, usually a cellular telephone, through the use of the telephone number assigned to the device.   When an SMS message call is successfully made, the recipient's cell phone typically rings, alerting him or her that a call is being received.   As cellular telephones are inherently mobile and frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

18.     Unlike more conventional solicitations, wireless spam actually costs its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a specified number of messages, regardless of whether or not the message is authorized.

19.     Text message advertisements sent to cellular telephones violate the TCPA. In particular, Defendant transmitted text messages using an "automatic telephone dialing system" to cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20.     The complained of text messages were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     None of the recipients of the text messages gave their "prior express consent" allowing Defendant to transmit the text messages to them.

22.     Identical text messages and similar phone calls transmitted by an "automatic telephone dialing system" were similarly sent on repeated occasions to other cellular phone numbers belonging to the members of the Class since October 16, 2013.   None of those subscribers gave Defendant their prior express consent to receive the text messages or phone calls and they were not made for emergency purposes.   All of the text messages and phone calls advertised Defendant's industry networking events.

23.     Upon information and belief, all of the text messages were sent from the phone number "235-344-9698."   This phone number is subscribed to either by Defendant or by a company or companies retained by Defendant to transmit marketing campaigns on its behalf.

24.     Plaintiff received at least ten text message advertisements or calls from Defendant. The following text message was received by Plaintiff on October 1, 2015 at 4:49 PM EST, which was substantially similar to the other nine messages he received:



25.     This text message, and all of the others received by Plaintiff, was sent by phone

6

number 239-344-9698.   Upon information and belief, this phone number belongs to Floor &
Decor or a company retained by Floor & Decor to transmit these messages.

      26.     The text messages and calls received by Plaintiff and transmitted by Floor & Decor
were sent to Plaintiff's cellular telephone and were sent without Plaintiff's prior consent.

      27.     Similar or identical text message advertisements were sent to thousands of cellular
telephone numbers subscribed to the class members since October 16, 2013 in violation of the
TCPA.   None of those subscribers gave Defendant their prior express written consent to receive
the calls and text messages and they were not made for emergency purposes.

      28.     The phone calls and text messages sent to the thousands of cellular telephone
numbers subscribed to by the class members since October 16, 2013 caused each class member to
sustain actual damages including costs associated with loss of use of their cellular phones,
interruption of other usage of the cellular phones, nuisance, annoyance, invasion of privacy,
additional costs incurred when the number of calls in a given month exceeds his cell phone data
plan and/or the costs of minutes associated with his cell phone plan.

## CLASS ALLEGATIONS

      29.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b) on
behalf of himself and the following class ("The Class"):   All persons in the United States to whom
Floor and Decor Outlets of America, Inc. placed calls or text messages to their wireless phones
using an artificial or prerecorded voice or equipment capable of dialing numbers without human
intervention between October 16, 2013 and the present, announcing, promoting or advertising an
industry networking event.   Excluded are those persons who provided prior express written
consent to receive such calls. Further excluded from the Class are all judges and Court personnel

employed by the United States District Court for the Middle District of Florida and all officers, directors and employees of Defendant.

30.     The Class consists of thousands of individuals and legal entities who are geographically dispersed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1).  The exact size of the respective classes and identities of the individual members thereof are ascertainable through Defendant's records, or the records of their representatives, including but not limited to the transmission logs.

31.     The claims of Plaintiff are typical of the claims of the class members.  The claims of Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to Plaintiff and the class members.

32.     The class members have a well-defined community of interest.  Defendant acted and failed to act on grounds generally applicable to Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

33.     There are numerous questions of law and fact common to the claims of Plaintiff and the class, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

34.     Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency

and efficiency of adjudication.

35.    Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

(a)    Whether Defendant's conduct violates 47 U.S.C. § 227(b)(1)(A);

(b)    Whether Defendant's phone calls and text messages were made for an emergency · purpose;

(c)    Whether Defendant obtained the phone call recipients= prior express written consent;

(d)    Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendant;

(e)    Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

(f)    Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

36.    Plaintiff will fairly and adequately represent and protect the interests of the respective class members.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.    Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so.    Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

37.    This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(b). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## COUNT I - LIABILITY PURSUANT TO THE TCPA

38.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

39.     Defendant placed, or caused to be placed, calls and text messages to Plaintiff and the Class using an automatic telephone dialing system, within the meaning of 47 U.S.C. § 227(a). The equipment used by Defendant had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.   By using such equipment, Defendant, or its agent, was capable of making thousands of calls and text messages to the subscribers of cellular phone numbers automatically without human intervention.

40.     These calls and text messages were made *en masse* without the prior express written consent of Plaintiff and the other members of the Class.

41.     Thus, Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone."

42.     Plaintiff received, most recently on October 1, 2015 at 4:49 PM EST, a text message transmitted and/or placed by or on behalf of Floor and Decor on his cellular telephone.

43.     Also on October 1, 2015, Plaintiff received at least 9 other text message advertisements transmitted and/or placed by or on behalf of Floor and Decor on his cellular telephone.

44.     Between October 16, 2013 and the present, Plaintiff has received a multitude of

10

calls, as defined and set forth in 47 U.S.C. § 227(b)(1)(A), transmitted and/or placed by or on behalf of Floor and Decor on his cellular telephone.

45.     All of these calls were sent without Plaintiff's prior express written consent and in violation of 47 U.S.C. § 227 *et seq.*

46.     All of the calls were received by Plaintiff on his cellular telephone.   The costs for services for the cellular telephone number on which Plaintiff received the calls are paid by Plaintiff. Thus, Plaintiff incurs all of the costs associated with the receipt of the calls on that cellular telephone, including cost of service, cost of the cellular telephone, inconvenience, interruption of other usage of the cellular telephone, and the invasion of privacy.

47.     Plaintiff is entitled to recovery of statutory damages as provided for by 47 U.S.C.A. § 227 *et seq.*, specifically including 47 U.S.C. § 227(b)(3)(A).

48.     Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover for actual monetary loss from a violation of the TCPA, or to receive $500 in damages for each such violation, whichever is greater.

49.     Accordingly, as a proximate result of Defendant's conduct, Plaintiff and the Class has incurred actual damages associated with the cost of the receipt of the phone calls and text messages, usage of cellular phone minutes and plan allowances, inconvenience, and the invasion of the recipient's privacy.

50.     Further, in the alternative, the Class is entitled to recover statutory damages under the Act, as set forth above, based on the placing of the phone calls by Defendant.

51.     In addition, if the court finds that Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to

11

not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3).

52.     Additionally, the Class seeks injunctive relief requiring that Defendant be enjoined from placing or transmitting additional phone calls and text messages in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A).

## DEMAND FOR PRESERVATION

53.     Plaintiff also specifically demands that Defendant retain and preserve all records related to the allegations in this Complaint.   Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1)     Recordings and transcripts of all telephone calls and text messages placed since October 16, 2013, with corresponding dates when those calls were placed;

(2)     Any and all training materials used for persons responsible for transmitting telemarketing calls or text messages since October 16, 2013, with corresponding dates when those training materials were used;

(3)     List of all phone numbers to which telephone advertisements or text messages were sent since October 16, 2013;

(4)     List of all persons or phone numbers who requested to opt-out of receiving telephone calls or text messages since October 16, 2013;

(5)     Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to you by any company or person you retained to transmit telephone calls or text messages on your behalf;

(6)     Any proof Defendant contends shows that it obtained the prior express written consent of any recipient of the telephone calls or text messages;

(7)     Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of telephone calls or text messages sent by Defendant or on their behalf since October 16, 2013;

(8)     Copies of any and all policies or procedures implemented by Defendant with regard to the transmission of telemarketing phone calls or text messages, as well as marketing activities and restrictions;

12

(9)     Documents related to Defendant's cost for transmitting the telemarketing telephone calls or text messages placed by Defendant or on its behalf since October 16, 2013; and

(10)    Demand is made on Defendant to notify any third parties or vendors retained by it to place telephone calls or text messages of this preservation demand and request production of any documents requested through this demand.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against Defendant, as follows:

(1)     An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing Plaintiff and his counsel to represent the Class;

(2)     For compensatory damages as alleged herein;

(3)     For statutory penalties as provided for under 47 U.S.C. § 227(b)(3);

(4)     For an injunction restraining Defendant from placing any more telephone calls or text messages to cellular telephone without prior express written consent using equipment meeting the definition of an Automatic Telephone Dialing System;

(5)     For pre-judgment interest from the date of filing this suit;

(6)     For reasonable attorneys' fees;

(7)     For all costs of this proceeding; and

(8)     For all general, special, and equitable relief to which Plaintiff and the members of the Class are entitled by law.

### JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

RESPECTFULLY SUBMITTED,

BY: _____
J. ANDREW MEYER, Esq. Bar #0056766
LEAVENGOOD, DAUVAL, BOYLE & MEYER

13

Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, Florida 33703
Telephone: (727) 327-3328

PHILIP BOHRER (*Pro Hac Vice* to be filed)
SCOTT E. BRADY (*Pro Hac Vice* to be filed)
BOHRER BRADY, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
phil@bohrerbrady.com
scott@bohrerbrady.com

JOPHN P. WOLFF, III (*Pro Hac Vice* to be filed)
CHRISTOHER K. JONES (*Pro Hac Vice* to be filed)
KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana 70808
Telephone: (225) 383-3796
jwolff@keoghcox.com
cjones@keoghcox.com
*Pro Hac Vice* to be filed

14